**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES SKINNER, | No. 09-15772 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-01879-PHX |
| | D.C. No. 2:07-cv-01070-PHX |
| v. | (Consolidated) |
| DORA SCHRIRO; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

James Skinner, an Arizona state prisoner, appeals pro se from the district

court's summary judgment in two consolidated 42 U.S.C. § 1983 actions alleging

due process claims arising from his placement in a violence control unit for

security reasons on two separate occasions. We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment in defendants' favor because Skinner failed to raise a triable issue of fact as to whether his placement in the violence control unit constituted such an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life" so as to give rise to a protected liberty interest. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The record showed that the conditions of Skinner's confinement in the violence control unit were not significantly different from those in the general population unit, that both his placements were relatively brief, and that they did not effect the duration of his sentence. *See Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (listing factors to determine whether hardship imposed on prisoners is atypical and significant).

The district court did not abuse its discretion in denying Skinner's motion for reconsideration because he failed to establish grounds warranting such relief. *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (standard of review and grounds for reconsideration).

Skinner's remaining contentions are unpersuasive.

**AFFIRMED.**